**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 17 2018**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-33497 |
| | ) | |
| Leonel T. Cisneros, Jr. and | ) | Chapter 7 |
| Terecita G. Cisneros, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING NOTICE OF SURPLUS FUNDS

The deadline for filing claims in this case having passed, the Chapter 7 Trustee has recovered more money than there are presently claims to pay. On June 21, 2018, she filed a motion requesting that the court instruct the Clerk "to issue a Notice of Surplus Funds to creditors to file late claims with a 30-day bar date for of (sic) filing claims." [Doc. # 37]. On that same date, the court granted the Trustee's motion, [Doc. # 38], and the Clerk sent to creditors a Notice of Extension of Time to File Claims Against Surplus Funds ("Notice") [Doc. # 40]. Now before the court is a motion to quash filed by Debtors, which the court construes as a motion to vacate the Notice and the second claims filing bar date set forth therein ("Motion") [Doc. # 39], and the Trustee's response [Doc. # 42]. The court held a hearing on the Motion that Debtors, their attorney, and the Trustee attended in person.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of

Ohio.  This is a core proceeding that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(A).  For the following reasons, the court will grant Debtors' Motion to vacate the Notice.

## BACKGROUND

Debtors filed their Chapter 7 bankruptcy petition on November 7, 2017.  On November 11, 2017, the Bankruptcy Noticing Center sent notice of the case to all creditors at the addresses on Debtors' creditor matrix.  As permitted by Bankruptcy Rule 2002(e), the notice instructed creditors that they should not file a proof of claim as there appeared to be no property available for distribution. [*See* Doc. # 6].  On January 7, 2018, a notice pursuant to Bankruptcy Rule 3002(c)(5) was sent to all creditors at the addresses on the creditor matrix, informing them that assets have been recovered by the trustee and that "creditors who wish to share in distribution of funds must file a proof of claim" by April 16, 2018. [Doc. # 15].  Both the November 11, 2017, and the January 7, 2018, notices sent to Mercy Health and Stellar Recovery were returned as undeliverable.  Mercy Health and Stellar Recovery are both creditors included on Debtors' bankruptcy Schedule E/F and their creditor matrix.  Although Schedule E/F includes thirty general unsecured creditors, only nine claims were timely filed by the April 16, 2018, deadline, and no further claims have been filed.  Neither Mercy Health nor Stellar Recovery have filed a claim.

As indicated above, the Trustee filed a motion on June 21, 2018, requesting notice to creditors that there will be surplus funds available for additional distribution in this case and setting a bar date for filing late claims. [Doc. # 37].  As has long been the court's routine practice, it treated the Trustee's motion on an ex parte basis and, on June 21, 2018, granted the motion and ordered the Clerk to "serve a notice to all creditors and parties in interest of surplus funds with a 30-day bar date for filing of late claims." [Doc. # 38].  Attached to the court's order was a local form, "Form ohnb175," entitled "NOTICE OF EXTENSION OF TIME TO FILE CLAIMS AGAINST SURPLUS FUNDS" ("Notice").

The Clerk caused the Notice to be sent by the Bankruptcy Noticing Center on June 23, 2018, to creditors at the addresses on the creditor matrix.  [Doc. # 40].  The Notice provides in relevant part as follows:

> Notice is hereby given that the time for filing claims in this chapter 7 case has expired and it appears there will be a surplus of funds remaining after all allowed claims have been paid in full.

> Therefore, pursuant to bankruptcy rule 3002 (C)(6)[sic], an extension of time for the filing of claims against the surplus funds has been granted by the court.

> You are further notified that the time for filing claims against surplus funds is hereby

extended thirty (30) days from the date of this notice.  If no claims are filed in response to this notice, any surplus funds will be returned to the debtor(s).

[*Id.* at p.3/3].  The thirty day deadline in the Notice has expired, and no additional claims have been filed.

On July 16, 2018, after the hearing on their Motion and after all notices discussed herein were sent to creditors, Debtors added to their creditor matrix a second address for Mercy Health.  They have not amended their bankruptcy schedules to reflect this change in address.

## DISCUSSION

A threshold issue that the court must determine is whether Debtors have standing to seek an order vacating the Notice regarding proof of claims.  *Warth v. Seldin,* 422 U.S. 490, 498 (1975) (stating that standing is "the threshold question in every federal case").  "Generally, to have standing in a bankruptcy case, a person must have a pecuniary interest in the outcome of the bankruptcy proceeding."  *In re Moss*, 320 B.R. 143, 149 (Bankr. E.D. Mich. 2005) (citing cases).

In this case, the Trustee's purpose in providing creditors additional notice to file proofs of claim is to administer the available surplus funds.  While a Chapter 7 debtor typically lacks any pecuniary interest in the trustee's disposition of assets of the bankruptcy estate, an exception exists where the assets exceed liabilities such that the debtor would be entitled to a distribution of surplus funds under 11 U.S.C. § 726(a)(6).  *Simon v. Amir (In re Amir)*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010).  In the event no additional proofs of claim are filed in this case, Debtors will be entitled to the surplus funds held by the Trustee.  The court therefore concludes that Debtors have standing to challenge any additional notice to creditors.

In their Motion seeking an order vacating the Notice, Debtors argue that (1) the court lacked authority to extend the deadline for filing proofs of claim, (2) providing additional notice to creditors at addresses where they were already served with notice would not provide those creditors the ability to receive any distribution in this case, and (3) Local Bankruptcy Rule 2002-1 and Rule 2002(h) of the Federal Rules of Bankruptcy Procedure permit notice to be sent only to those creditors that have filed timely proofs of claim.  At the hearing, Debtors agreed that Mercy Health and Stellar Recovery have not received notice of this case and the time for filing a proof of claim and that notice of the surplus funds and ability to file a proof of claim should be sent to those two creditors.  They argue, however, that creditors that have already received proper notice should not get a second bite at the distribution apple.  The court addresses Debtors' arguments in reverse order.

Bankruptcy Rule 2002(h) sets forth the circumstances in a Chapter 7 case when the court "*may*

3

direct" that all notices required by Rule 2002(a) be mailed only to certain parties. Fed. R. Bankr. P. 2002(h) (emphasis added). To that end, Local Bankruptcy Rule 2002-1(a) provides that, "after the time for filing non-governmental claims has expired in Chapter 7 cases, all notices required by Rule 2002(a)(2), (3), (4) and (6), unless otherwise ordered by the Court, be mailed only to creditors who have filed claims, and persons who have filed a request for all notices. . . ." Thus, Local Bankruptcy Rule 2002-1 limits only notices required by Rule 2002(a)(2), (3), (4) and (6), none of which address notices regarding the filing of proofs of claim. Rule 2002(h) and Local Bankruptcy Rule 2002-1 do not apply to this issue.

Next, Debtors argue that providing the Notice to creditors previously served with notice of the deadline for filing proofs of claim will not enable them to receive any distributions in this case. According to Debtors, such claims would be tardily filed claims for which the Bankruptcy Code only provides for distribution to be made if the creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim. Debtors' argument on this point is also incorrect.

Distribution of property of the estate in a Chapter 7 case is governed by § 726(a), which sets forth the priority of payments to creditors. 11 U.S.C. § 726(a). Section 726(a) provides two circumstances in which general unsecured creditors who file tardy claims may nevertheless receive distributions from the estate.

One is the circumstance identified by Debtors, where a creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim. Section 726(a)(2)(C) provides for distribution at the second level of priority for tardy claims in this category. 11 U.S.C. § 726(a)(2)(C). Mercy Health and Stellar Recovery would apparently fall into this category if they filed claims now.

The second circumstance is where a creditor with notice or actual knowledge of the case simply files its claim late. Section 726(a)(3) nevertheless expressly provides for distribution at the third level of priority for just plain late claims. 11 U.S.C. § 726(a)(3). Unlike this case, usually there will not be sufficient funds in the estate to reach the third level of priority even if assets have been recovered by the trustee for distribution. But contrary to Debtors' argument, and although at a lower priority than if a creditor timely filed its proof of claim, such creditors would still be entitled to a distribution from the surplus of funds remaining after all first and second-level priority claims are paid in full.

Finally, Debtors argue that the court lacked authority to extend the deadline for filing proofs of claim as was set forth in the Notice. The court agrees with them on this point.

Rule 9006(b) of the Federal Rules of Bankruptcy Procedure governs when the court is permitted to

enlarge the time for taking action under the Bankruptcy Rules. Fed. R. Bankr. P. 9006(b). Bankruptcy Rule 3002 is titled "Filing Proof of Claim or Interest" and the caption on Rule 3002(c) is "Time for Filing." Fed. R. Bankr. P. 3002(c). Under Rule 9006(b)(3), the court may enlarge the time for taking action under Rule 3002(c) only to the extent and under the conditions stated in that rule. Fed. R. Bankr. P. 9006(b)(3). Rule 3002(c) provides the time for filing a timely proof of claim in a Chapter 7 case and specifies very limited circumstances, none of which apply in this case, that allow the court to grant an extension of that time. The court thus has no authority to extend the bar date for filing a timely proof of claim in this case. *See In re Valerino Constr., Inc.*, 275 B.R. 684, 687 (Bankr. W.D.N.Y. 2002) (stating that "other than for the exceptions set forth in Sections 3002(c) . . . neither the Clerk nor the Bankruptcy Court has the power or authority to extend that bar date").

While the Trustee requested, and the court's order required the Clerk to serve, a notice of the surplus funds with a thirty-day bar date for filing *late* claims, [Doc. ## 37 & 38], the Notice, Form ohnb175, that was attached to the court's order and sent to creditors states that "pursuant to bankruptcy rule 3002(C)(6) [sic], an extension of time for the filing of claims against the surplus funds has been granted by the court." [Doc. # 38-1]. To be sure, a prior version of Rule 3002(c)(6) provided that "[i]n a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed." Fed. R. Bankr. P. 3002(c)(6) (1995). However, Rule 3002(c) was amended, effective December 1, 1996, eliminating former Rule 3002(c)(6). The Advisory Committee Notes explain the amendment as follows:

> The amendments are designed to conform to §§ 502(b)(9) and 726(a) of the Code as amended by the Bankruptcy Reform Act of 1994.
>
> The Reform Act amended § 726(a)(1) and added § 502(b)(9) to the Code to govern the effects of a tardily filed claim. Under § 502(b)(9), a tardily filed claim must be disallowed if an objection to the proof of claim is filed, except to the extent that a holder of a tardily filed claim is entitled to distribution under § 726(a)(1), (2), or (3).

Fed. R. Bankr. P. 3002 Advisory Committee's Note to 1996 Amendment.

The court concludes that its outdated form Notice improperly purports to grant all creditors an extension of time for filing a *timely* proof of claim. The Notice also states that if no claims are filed by the deadline set forth therein, any surplus funds will be returned to Debtors. However, because creditors filing late claims may be entitled to payment before any distribution to Debtors, the Notice is misleading as to a creditor's ongoing ability to file a proof of claim after the stated deadline. As discussed below, the court

5

has no authority to impose a deadline for filing late claims. For all of these reasons, Debtor's Motion will be granted, and the Notice will be vacated.

Because the Trustee had only requested notice of surplus funds for creditors to file *late* claims, questions remain as to whether any such notice should now be provided to creditors by the court. Debtors argue that creditors who received notice of the case and of the bar date for filing claims should not receive a second notice and, thus, a second bite at the apple. Notwithstanding longstanding past practices, for the following reasons, the court concludes that it should not provide creditors with a second notice that solicits late filed claims.

Neither the Bankruptcy Code nor the Bankruptcy Rules provide the court with authority to set a deadline by which late claims must be filed. While 11 U.S.C. § 105(a) empowers the court to issue such orders as are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code, such equitable power "must and can only be exercised within the confines of the Bankruptcy Code." *Law v. Siegel,* 134 S. Ct. 1188, 1194 (2014). A notice by the court setting a deadline for filing late claims conflicts with provisions of the Code that provide that late-filed unsecured claims in a Chapter 7 case are allowed claims, 11 U.S.C. § 502(b)(9), and expressly provide for payment of late-filed claims, *see* 11 U.S.C. § 726(a)(1) (providing for payment on a first-level priority basis for tardy priority claims filed on or before the earlier of ten days after the mailing of the trustee's final report or the date on which the trustee begins final distribution under § 726); 11 U.S.C. § 726(a)(2)(C) (providing for payment on a second-level priority basis for tardy non-priority unsecured claims where creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim if filed in time to permit payment of the claim); 11 U.S.C. § 726(a)(3) (providing for payment on a third-level priority basis "of *any* allowed unsecured claim proof of which is tardily filed under section 501(a), other than a claim of the kind specified in paragraph (2)(C) of this subsection"). Any second deadline set by the court would be arbitrary and unenforceable. An unsecured claim filed even after a second claims bar date set by the court is still tardily filed and, thus, pursuant to § 726(a)(3), entitled to payment from any surplus of funds remaining after all first and second-level priority claims are paid in full. The court thus finds that it lacks authority to impose a deadline for filing late claims. *But see In re Houser*, 242 B.R. 406 (Bankr. S.D. Ohio 1999) (finding it "important for a Chapter 7 trustee's administration of an estate with surplus funds that a deadline exist for filing tardy claims prior to the trustee making a distribution to the debtor pursuant to 11 U.S.C. § 726(a)(6)").

Furthermore, late-filed claims of creditors that received notice of the claims bar date are paid before

6

any fourth or fifth level distributions are made, which include distributions to certain creditors holding claims for fines, penalties, or multiple or punitive damages, and distributions in payment of interest to creditors who have filed claims timely. *See* 11 U.S.C. § 726(a)(4) and (5). Thus, soliciting late-filed claims will potentially impact the amount received by creditors that may otherwise be entitled to a distribution on a fourth or fifth-level priority basis. The court finds its involvement in such a solicitation to be inappropriate.

A second filing deadline also makes for awkward and ambiguous interaction with Bankruptcy Rule 3004, which allows a debtor or trustee to file a proof of claim for a creditor "within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." Fed. R. Bankr. P. 3004.

Finally, the court finds it inappropriate for the judiciary to bear the expense of a second notice to creditors who have otherwise sat on their rights and shown no interest in participating in a distribution from the bankruptcy estate. *See In re Collins*, No. 13-545, 2014 WL 1682868, *2, 2014 Bankr. LEXIS 1939, **5-7 (Bankr. N.D.W. Va. April 29, 2014) (stating that it lies within the sound business judgment of the trustee to solicit tardily-filed proofs of claim but that the expense of any subsequent solicitation should not be borne by the judiciary); *In re Austin*, No. 15-70133, 2016 WL 5819807, *3, 2016 Bankr. LEXIS 3632, *8 (Bankr. W.D. Va. Oct. 5, 2016) (same).

Debtors agreed at the hearing that since neither Mercy Health nor Stellar Recovery have received notice of the case, both creditors should be provided notice of a deadline for filing a late claim.[1] However, tardily filed claims by creditors that did not have notice or actual knowledge of the case in time to file a timely claim are entitled to a higher priority distribution under § 726(a)(2) if "proof of such claim is filed in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C)(ii).[2] The court has no authority to set a different bar date for such a claim and thus will decline to do so going forward. *See Siegel,* 134 S. Ct. at 1194.[3] As long as the claim is filed in time to permit payment, even if filed after a new arbitrary deadline

---

[1] Presumably, in agreeing that notice be given to Mercy Health and Stellar Recovery, and given Debtors' arguments relating to other creditors, they also agree that neither Mercy Health nor Stellar Recovery had actual knowledge of the case in time to file a timely proof of claim.

[2] If debtors do not properly list and schedule their creditors, then any consequence of not doing so or not doing so timely, *but see* Fed. R. Bankr. P. 3002(c)(6)(eff. December 1, 2017)(discussed below), will be theirs to bear.

[3] A new subpart Rule 3002(c)(6) was added to Bankruptcy Rule 3002 by amendment that became effective on December 1, 2017. New subpart (c)(6) grants the court very limited authority, on motion of a creditor filed before or after the claims bar date, to extend the deadline by not more than 60 days from the date of the order granting the motion. One of the two situations

7

for tardy claims, the creditor is statutorily entitled to a distribution under § 726(a)(2)(C) (or under (a)(3) if there are sufficient funds and the creditor had actual knowledge of the case).

The decision of the Sixth Circuit Court of Appeals in *Riverview Trenton Railroad Company v. DSC, Ltd*, 486 F.3d 940 (6th Cir. 2007), does not support a contrary holding. In *DSC, Ltd.,* the bankruptcy court set a deadline for creditor joinder in an involuntary petition, while the applicable Bankruptcy Code provision allows creditors to join in the petition any time "before the case is dismissed or relief is ordered," 11 U.S.C. 303(c). Creditors who were denied joinder after the court's deadline but before dismissal appealed.

Agreeing with the bankruptcy court that the statute merely sets an outside deadline, and against tension with the bankruptcy rule requiring a ruling on a contested petition "at the earliest practicable time," Fed. R. Bankr. P. 1013(a), the Sixth Circuit held that the statute did not prohibit a bankruptcy court from setting an earlier deadline "based upon its case management authority, in order to ensure orderly, fair and efficient proceedings." *DSC, Ltd.*, 486 F.3d at 948.

The deadline sought from the court by the Trustee in this case is different. There is no similar tension between any applicable rules and § 726. It is not based on the court's conduct of issues before it, but the Trustee's own administrative duties, efforts and convenience. Months may (and sometimes do) elapse between claims bar dates and trustee distributions. Trustee requests like the one in this case ask the court to decide in advisory fashion what "in time to permit payment of such claim" under § 726(a)(2)(C)(ii) means divorced of actual circumstances surrounding a particular claim, a statutory standard that is absent in any event from paying late claims at the third level of priority. In contrast to the bankruptcy court's deadline in *DSC, Ltd.*, the deadline sought by the Trustee here would not necessarily stand up to scrutiny under § 726(a) if a general unsecured creditor misses it. In the meantime, its very existence would be misleading.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors' Motion to Quash Trustee's Notice of Surplus Funds & Request for

---

identified in the amendment that would allow the court to exercise such discretion is if "the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors names and addresses required by Rule 1007(a)." Fed. R. Bankr. P. 3002(c)(6)(A). The amendment applies to cases filed on or after December 1, 2017, and to cases filed before that date, like this one, "to the extent just and practicable." As no creditor has filed a motion under new Rule 3002(c)(6) in this case, the court need not decide either whether it would be just and practicable for it to apply here or whether it would apply to any particular creditor. However, the fact that this amendment was deemed necessary and appropriate through the rigors of the rulemaking process further convinces the court that it otherwise lacks authority to extend the bar date as the Notice implies or add a second bar date for late-filed claims as the Trustee specifically requested.

8

An Additional 30 Days Bar Date [Doc. # 39] is **GRANTED**; and

      **IT IS FURTHER ORDERED** that the Notice of Extension of Time to File Claims Against Surplus Funds [Doc. # 40] sent to creditors on June 23, 2018, be, and hereby is, **VACATED** and of no effect in this case; and

      **IT IS FURTHER ORDERED** that the court's June 21, 2018, order granting the Trustee's motion to instruct the Clerk to serve notice of surplus funds [Doc. # 38] be, and hereby is, **VACATED**; and

      **IT IS FINALLY ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order upon Debtors, their counsel, the Trustee, and all creditors and parties in interest.

###